**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID WEIGEL, JOSH BARON, and TRACY BARON, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL HOME LOAN MORTGAGE CORP.; COLONIAL NATIONAL MORTGAGE; TITANIUM SOLUTIONS, INC.; MARIA ATKINSON; SKIDMARK ENTERPRISE, INC.; and DOES 1-20, inclusive, <br><br> Defendants. | CASE NO. 12-CV-0679-H (MDD) <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS** |

On March 20, 2012, Plaintiffs David Weigel, Josh Baron, and Tracy Baron filed a complaint asserting a claim under the Fair Debt Collection Practices Regulations, 15 U.S.C. §§ 1692, et seq., and state law claims against Defendants. (Doc. No. 1.) Also on March 20, 2012, Plaintiffs filed a motion to proceed in forma pauperis. (Doc. Nos. 2-4.) The Court denies Plaintiffs' motion to proceed in forma pauperis and directs Plaintiffs to pay the court filing fee.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee

only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). "To proceed in forma pauperis is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). He must, however, demonstrate his poverty with "some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam). District courts have broad discretion to deny a motion to proceed in forma pauperis in a civil action. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990).

After reviewing Plaintiffs' affidavits, the Court concludes that Plaintiffs have not made an adequate showing that they are unable to pay the filing fee. Ms. Tracy Baron states in her affidavit that she receives $2,000 per month in wages, that she has $150 in her checking account, that she owns stock worth $150, and that she has a separate banking account with a balance of $3,165.45. (Doc. No. 4.) Mr. David Weigel states in his affidavit that he currently expects to receive $3,200 per month, that he has $100 in his checking account, and that he owns his automobile outright. (Doc. No. 2.) Mr. Josh Baron states in his affidavit that he receives $1,500 per month in unemployment benefits, that he has $150 in his checking account, and that he owns his automobile outright. (Doc. No. 3.) The affidavits submitted by Plaintiffs do not demonstrate that they lack the financial resources or assets to pay the costs of commencing this action. Therefore, the Court concludes that Plaintiffs have not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1). Accordingly, the Court denies Plaintiffs' motion to proceed in forma pauperis without prejudice and directs Plaintiffs to pay the appropriate $350 filing fee **within thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

DATED: March 23, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT